UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

CYMANTHA HOLLY,

                        Plaintiffs,

      -against-

THE CITY OF NEW YORK, P.O. KHARL
PINNOCK [SHIELD # 30827], SERGEANT MACK,
SERGEANT JAMES PHELAN, and JOHN DOE
AND JANE DOE #1-5 (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),

                        Defendants.
---------------------------------------------------------X

Case No.

COMPLAINT

CV 12-4323

POHORELSKY, M.J.

WEINSTEIN, J.

Plaintiff, CYMANTHA HOLLY, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Kharl Pinnock [Shield # 30827], Sergeant Mack, Sergeant James Phelan, and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants P.O. Kharl Pinnock [Shield # 30827], Sergeant Mack, Sergeant James Phelan, John Doe and Jane Doe #1-5 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about April 24, 2011, at approximately 3:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 615 Dekalb Avenue, Brooklyn, New York, and charged plaintiff with PL 145.05 'Criminal mischief in the third degree', among other charges.

10. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to the arrest, plaintiff and her family and friends were celebrating her younger brother's birthday at a club ("club") that is situated at the aforesaid location when one of the owners and/or employees of the club forcefully

|  |  |
|---|---|
|  | pushed a family friend of the plaintiff named Douglas Tucker causing Mr. Tucker to break his leg in the process. |
| 12. | That the defendant officers arrived at the club within a few a few minutes of the incident described above. |
| 13. | Upon arriving at the club, the defendant officers immediately ordered the club patrons, including the plaintiff and her family and friends, to leave the club. |
| 14. | The moment the defendant officers arrived at the club, the defendant officers immediately drew their guns, were repeatedly threatening to blow off the heads of the club patrons, including the plaintiff and her family and friends, and were using offensive and derogatory language to address the club patrons, including the plaintiff and her family and friends. |
| 15. | As plaintiff was exiting the club, plaintiff verbally protested the actions of the defendant officers by stating that that the conduct of the defendant officers was improper. |
| 16. | That the plaintiff was attacked by the defendant officers the moment she stated that the conduct of the defendant officers was improper. |
| 17. | The defendant officers forcefully grabbed the plaintiff, tightly handcuffed the plaintiff with her hands placed behind her back, and began to forcefully drag the plaintiff to their police vehicle. |
| 18. | As the defendant officers were dragging the plaintiff to their police vehicle, one of plaintiff's shoes fell off. |
| 19. | That the plaintiff requested the defendant officers to afford her the opportunity to retrieve and put on her shoe. |
| 20. | The defendant officers denied plaintiff's request to retrieve and put on her fallen shoe, and dragged the plaintiff to their police vehicle without one of her shoes. |
| 21. | Once the plaintiff was dragged to the police vehicle, the defendant officers immediately transported the plaintiff to the Woodhull Medical Center ("Hospital") without her fallen shoe. |

22. Upon arriving at the Hospital, the defendant officers immediately directed the attending physician to draw blood from the plaintiff for certain unspecified purpose(s).

23. That the plaintiff did not allow the attending physician and the defendant officers to draw or take her blood.

24. Eventually, the defendant officers transported the plaintiff to the NYPD-79th Precinct.

25. During the ride, the defendant officers were repeatedly and purposefully braking the vehicle causing the plaintiff who, as noted above, was handcuffed to repeatedly hit head her on a panel used to partition the driver/front seat of the police vehicle from the back seat.

26. As a result, the plaintiff sustained physical injuries and pains on various parts of her body.

27. While at the precinct, defendant officers subjected plaintiff to an intrusive and illegal bodily search.

28. Eventually, after detaining plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

29. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

30. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff damaged the property of another person in an amount exceeding two hundred fifty dollars.

31. Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

32. Following her arraignment, plaintiff was released on her own recognizance, but was required to return to the criminal court to defend herself from the false charges levied against her by defendants.

33. Eventually, after a lengthy period of malicious prosecution, the false charges levied against plaintiff were summarily dismissed and sealed.

34. That each and every officer who responded to, had any involvement and/or was present at the location of the arrest knew and was fully aware that

plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

35. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

36. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, financial losses, loss of property, loss of rights to familial association, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The conduct of defendant officers, as described herein, amounted to false arrest, illegal and unreasonable search and seizure, excessive use of force, failure to intervene, denial of rights to familial association, tortious harassment, conspiracy, first amendment retaliation, abuse of authority, malicious abuse of process, fabrication of evidence, denial of right to a fair trial, violation of due process rights and malicious prosecution.

39. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers

concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

43. Additionally, defendant City of New York, acting through acting through District Attorney Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

44. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, assaulting, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

45. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Tyquan*

6

### THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of her race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

52. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

### FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

54. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving plaintiff of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

56. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured

by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57.  Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

58.  Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.  For compensatory damages against all defendants in an amount to be proven at trial;

b.  For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.  For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.  For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
August 28, 2012

UGO UZOH, P.C.

By:  Ugochukwu Uzoh (UU-9076)
Attorney for the Plaintiff
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
(718) 874-6045